## COLVER V. WHEELER.

**1. LIABILITY UPON A BLANK INDORSEMENT.**

Where a person, not a party, writes his name in blank on the back of a promissory note at the time of its execution and delivery, the *prima facie* presumption is, that such person is a maker of the note, and, he may, accordingly, be treated as a surety, in either of which position he would not be entitled to demand and notice.

2. WHAT SHALL CONSTITUTE A SUFFICIENT CONSIDERATION TO SUPPORT AN AC-
COMMODATION INDORSEMENT.

> An agreement to forbear suit on a pre-existing debt is a sufficient consideration
> for a note given therefore; and an agreement to so forbear until the maturity
> of the note will be presumed in the absence of proof to the contrary, and such
> consideration will be sufficient to support an accommodation indorsement
> made at the time of the execution and delivery of such note.

3. RIGHT TO SUE, WHEN MAKER OF NOTE MOVES OUT OF STATE.

> Where the maker of a note had left the state or could not be reached by the
> process of the court, the creditor need not go out of the state to pursue him,
> but may proceed against any party who may be liable upon the obligation and
> who is within the jurisdiction of the court, and therefore if there is a liability
> on the part of an indorser of the note he may be sued alone, without joining
> the principal maker.

ERROR to the Court of Common Pleas of Erie county.

SCRIBNER, J.

On the 1st day of February, 1893, S. C. Wheeler, the defendant in error in this proceeding, commenced an action before a justice of the peace of Erie county, against E. M. Colver, the present plaintiff in error, upon a paper writing which reads as follows:

$112.00.                                    Sandusky, O., April 1st, 1882.

Six months after date we promise to pay to the order of S. C. Wheeler one hundred and twelve dollars, with interest, being for rent of house, past due, from T. A. Lee.   Value received.

                                        T. A. LEE.

On the back thereof, as the transcript of the proceedings before the justice reads, is the following indorsement:

"I guarantee the payment of the within note at maturity without notice of non-payment or protest.

                                        "E. M. COLVER."

Such proceedings were had in this action before the justice of the peace that the case afterwards came into the court of common pleas by way of appeal from the judgment rendered therein by the justice of the peace.

In the court of common pleas the plaintiff filed his petition against the defendant, E. M. Colver, reciting the making and delivery of the paper called a promissory note, before referred to, and a copy of the indorsement alleged to have been written upon the back of it, and alleging the non-payment of the money due upon this allegation.   The petition contains this additional allegation:

"Plaintiff further says that shortly after said Colver and said T. A. Lee had made and signed and delivered to him their said joint promissory note, and before its maturity, said T. A. Lee went away from the city of Sandusky and county of Erie, and so far as plaintiff knows, said Lee never returned to this county, and he has no knowledge of ever having seen said Lee thereafter, and that said T. A. Lee is, and for many years has been a non-resident of the county of Erie, and state of Ohio.

"That at maturity of said note, plaintiff demanded of said defendant E. M. Colver payment thereof, which was refused and at divers and sundry times thereafter he demanded of said E. M. Colver payment of said note, and the interest thereon, but he has ever failed to pay the same or any part thereof, though he promised to pay the same, or cause the same to be paid at some future period; yet he has ever since failed, and still fails and refuses to pay the same, or any part thereof."

Wherefore plaintiff prays judgment against the defendant Colver upon the obligations sued upon.

The defendant filed an answer, and in the first instance denied every allegation contained in the petition, that the case came into the court of common pleas by way of appeal. The pleader then proceeded to set forth certain defenses and allegations on the material questions arising on this case.

"And for a second defense to the petition of plaintiff herein, the defendant says that if at any time he executed a note similar to the one set forth in the plaintiff's petition, when the note was executed he refused to assume the obligation of a maker, but did assume the obligation of an indorser, and only those of an indorser, and accordingly wrote his name on the back of the note as such indorser without any consideration than that of accommodating T. A. Lee, all of which the original parties to the note well knew. That said Wheeler, or some other person, authorized by him to do so fraudulently, unlawfully and without authority, defaced, altered and changed his said indorsement of the note by writing over his name the following words: 'I guarantee the payment of the within note at maturity without notice of non-payment or protest.'

"And for a third defense to the petition of the plaintiff herein, this defendant says, that if at any time he executed a note similar to the one set forth in plaintiff's petition, he executed the same as an indorser, and never guaranteed the same, and said note was never protested at maturity, and this defendant did not have due and legal notice of the demand and non-payment of said note.

"And for a fourth defense to the petition of the plaintiff herein, this defendant says that if at any time said T. A. Lee executed a note similar to the one set forth in plaintiff's petition, that no place of payment was stated in said note, and no demand was ever made of said T. A. Lee at maturity of said note that he pay the same, nor were said T. A. Lee or this defendant ever notified at the maturity of said note, and no effort has been made by the plaintiff herein to collect any amount that may be due on said note from said T. A. Lee."

Plaintiff filed a reply to this answer, taking issue upon several of the material allegations contained in it, and making special averments in regard to the transaction itself not necessary to be particularly noticed here.

The case was tried in the court of common pleas, and was submitted to the court, a jury being waived by the parties. Upon the conclusion of the trial to the court, a finding and judgment were entered by the court in favor of the plaintiff. A motion for a new trial was overruled, exception taken, and a bill of exceptions embodying the testimony, was signed by the court and duly filed with the records in the case; and the case is now before us on a petition in error by the defendant below, who insisted upon a reversal, on the ground that the court erred in divers particulars, and more specially in rendering judgment in favor of the plaintiff below, and against the defendant.

The original instrument, on which the action is brought, was attached to and made a part of the bill of exceptions. It was correctly copied into the transcript of the justice of the peace and in the original petition filed in the court of common pleas, as I have already read. The indorsement made upon the back of the instrument, and about which there is a controversy, reads as follows·

"I guarantee the payment of the within note at maturity without notice of non-payment or protest.

"E. M. COLVER."

It may be stated, by way of a preliminary presentation of some of the material facts in the case, that the testimony shows that at the date of the execution of the note Mr. Lee, the maker, was a tenant of Mr. Wheeler, the payee of the note, occupying a house owned by him, with his family; that an amount of rent as specified in the note, was past due; that Mr. Wheeler was urging immediate payment of these arrears of rent; that Mr. Lee, who was a brother-in-law of the defendant Colver (the wife of Lee being a sister of the defendant), applied to Mr. Colver to aid him in his difficulty; that the paper thereupon as executed, and the note so signed by Lee was afterwards indorsed by Colver (as to whether or not the blank above the indorsement was filled at the time of the indorsement and delivered by the defendant Colver is not in controversy); that Mr. Lee remained a citizen and resident of Sandusky in Erie county, until in November, 1882 (the note being dated April 1, 1882, and having six months to run, with interest); that some time in November, 1882, Mr. Lee left the county, removing, perhaps, to one of the counties in the southern part of the state; that in 1887 Mr. Lee left the state, and removed to one of the western states where he was residing at the time this action was commenced in 1893, and where, perhaps, he is still residing.

According to the testimony of the witness Lee, he was the tenant of Mr. Wheeler and the principal in the note sued upon, which was given, as already stated, to secure the payment of past-due house rent, the time of payment from the terms of the note being extended for a period of six months from April 1, 1882; that the note was drawn by defendant, Colver, at the request of Mr. Lee, in the office of the defendant, and was there signed by the tenant Lee, and by him thereupon taken and tendered to the plaintiff who refused to receive it without the indorsement of the defendant; that thereupon Mr. Lee returned with the note to the defendant and informed him of what had taken place between the plaintiff and himself, and thereupon the defendant wrote his name on the back of the note, where it now appears, and handed it to Lee, who at once delivered it to the plaintiff; that at the time the note was so delivered there was no writing on the back of it other than the signature of the defendant. It must be remembered that I am now speaking of the testimony given in behalf of the defendant.

The testimony of the defendant, so far as it relates to the making of the note and the writing of his name upon the back of it, is substantially the same as that of Mr. Lee. They agree that so far as the making and indorsing of the note are concerned the whole business was done in the office of the defendant and in the absence of the plaintiff. The rent demanded by the plaintiff was past due, and circumstances in the case show that the plaintiff was insisting upon the payment of or security for the rent, and Lee thereupon proceeded to defendant, who was his wife's brother, and stated the situation to him. The note was thereupon prepared by the defendant, was signed by Lee, who took it to the plaintiff. The plaintiff refused to receive it unless it was indorsed by the defendant. The defendant then wrote his name on the back of it, and in that form, as it is claimed, by the defendant, it was by Lee delivered to the plaintiff.

In some essential particulars the plaintiff in his testimony differs from the testimony of the defendant and Mr. Lee, as to this transaction, but according to their testimony, the plaintiff was at no time present when the business was transacted between the defendant and Lee, nor does it appear, nor is it suggested in the record, that any part of the conversation or statements occurring between the defendant and Lee at the time of the making or indorsing of the note by the defendant was communicated to the plaintiff before the delivery to or the acceptance by him of the note as indorsed.

Leaving this view, therefore, for the present, what purports to be a guarantee written above the signature of the defendant, we are to inquire what liability, if any, attaches to the defendant under the decisions of our courts by reason of the indorsement in question.

First—The note was manifestly given upon a good consideration. It appears by the testimony in the case that the rent which the note was given to secure was past due at the time of the transaction in question here. The note was made payable six months after its date, April 1, 1882, and the acceptance by the plaintiff Wheeler, the landlord, of such a promissory note, bearing a signature in any form that created a liability of a third person, amounted to an extension of the time of the payment of the rent then past due, and that extension, that agreement to extend the time of payment, was abundant consideration for the promise, whatever may be its character, of the defendant to pay the amount so secured.

That is established in the case of *Smith* v. *Worman*, 19 Ohio St., 145, and in the case of *Holyworth* v. *Koch*, 26 Ohio St., 33, where the court say this:

"An agreement to forebear suit on a pre-existing debt is a sufficient consideration for a note given therefor; and an agreement to so forebear until the maturity of the note will be presumed in the absence of proof to the contrary."

The same doctrine is stated in the case of *Osborn* v. *Low*, 40 Ohio St., 347, and in other cases not necessary now to refer to.

The defense set forth in the answer filed in the case, is said to be sustained by a ruling of the supreme court in the case of *Seymour & Co.* v. *Leyman and Mickey*, 15 Ohio St., 515. In this case the suit was brought upon a promissory note executed by one Leyman to the firm of Mitchell, Harshbarger & Co., payable to their order, and at the time this note was made, and before it was delivered to Mitchell, Harshbarger & Co., the defendant Thomas Mickey indorsed his name in blank for the consideration upon which the note was given. That is the statement of the petition filed in the case. It was then delivered to Mitchell, Harshbarger & Co. Here is a copy of the note:

$200.00.                                  Mansfield, Ohio, October 7, 1854.

Three years after date I promise to pay to the order of Mitchell, Harshbarger & Co. two hundred dollars, at ——— with interest after six months; value received.

(Signed)     H. LEYMAN.

And indorsed:

I guarantee payment on the within and waive demand and notice.

(Signed)     THOMAS MICKEY.

Then comes the indorsement to J. S. Seymour & Co., signed by the assignee of Mitchell, Harshbarger & Co., the payees.

Colver v. Wheeler.

In his answer to the petition brought upon this note, Mickey says this:

"That when the note was executed he refused to assume the obligations of a maker, but did assume the obligations of an indorser, and, accordingly, wrote his name on the back of the note as such indorser, without any consideration than that of accommodating Leyman, the maker of the note, all of which the original parties to the note well knew. That said firm of Mitchell, Harshbarger & Co., or some person authorized by them so to do, fraudulently, unlawfully and without authority, defaced, altered and changed his said indorsement of the note by writing above his name the following words, to wit: I guarantee payment of the within, and waive demand and notice. Whereupon he prays to be dismissed with his costs."

There was a demurrer to this answer. The demurrer was overruled, and judgment was rendered in favor of the defendant Mickey, so that his answer made a good defense. The case was taken to the supreme court, which affirmed the judgment of the court below, remanding it with leave to the plaintiffs to reply or amend their petition.

The court say this, in passing upon the case:

"It is important to notice the position which these plaintiffs occupy in relation to this note. The note is not on its face payable to bearer, and so transferable by delivery merely, but to the order of Mitchell Harshbarger & Co., or to whomsoever they should indorse it. They have never indorsed it at all. It has passed out of their hands by delivery only; and so, through Williams, and by his indorsement, to the plaintiffs. The plaintiffs, therefore, have not a strictly legal title to the note. They are the holders of the note with an equitable title only; and under the old system of procedure, could not sue upon it in their own names, but only in the names of the payees. The consequence is, that these plaintiffs cannot claim the exemption from equities existing between prior parties, which the law ordinarily gives to indorsees of commercial paper before due. · They stand simply in the shoes of the payees, Mitchell, Harshbarger & Co., and subject to all the equities existing between the original parties to the note, and are affected by the notice which these payees had of the actual contract between Mickey and Leyman as to the responsibilities to be incurred by the indorsement of the former; or, possibly, had the payees at the time they received the note, been ignorant of such special stipulations, Mickey would, under the settled doctrine of the Ohio cases, have been held in favor of the payees, as a guarantor of the note. *Greenough* v. *Smead*, 3 Ohio St., 415. But the answer avers, that the demurrer admits that Mickey, when the note was executed, "refused to assume the obligations of a maker, but did assume the obligations of an indorser,' and only those of an indorser;" and that this "all the original parties to the note well knew." And this state of facts might, if necessary, be shown by parol proof. *Greenough* v. *Smead*, *supra*. The plaintiffs, then, being the owners in equity only of this note, are bound by this original contract, and by the notice of it to the original parties, among whom are Mitchell, Harshbarger & Co., the payees."

It will be seen, as the supreme court has expressed, that inasmuch as Mickey had admitted in his answer in the case, that by stipulation between himself and Mitchell, Harshbarger & Co., the payees, at the time he indorsed the note, it was agreed that Mickey refused to assume the obligations of a maker, but did assume the obligations of an indorser, **and**

only those of an indorser, and that this all the original parties to the note well knew, this is the contract, then, as admitted upon the pleadings, as construed by the supreme court, that by his indorsement Mickey assumed the obligations of an indorser, and only those of an indorser, and all the parties to the transaction well knew that such was the agreement between the parties.

Seymour & Co., the plaintiffs, took and held the paper by equitable title, and not by any legal title, and they were bound by all the equities existing between Messrs. Mitchell, Harshbarger & Co., the payees of the note, and Mickey, the indorser. The court held, upon this state of facts, as admitted in the pleadings, there having been no proper ground of liability fixed, the defendant was entitled to judgment upon the demurrer to the petition.

In this case the pleader has adopted, substantially, the same form of answer as was presented in that case. The identical language employed by the pleader in that case is employed here. There was no demurrer to the action; the averments of the answer in that regard were denied by the reply of the plaintiff.

The case went back, and was again reported in 15 Ohio St., 515, and there the pleadings were amended, so that it appeared, was averred and was shown in the case, that the consideration moving from Mitchell, Harshbarger & Co., the payees of the note, to Leyman, and that the indorsement made by Mickey, was that he was to be liable only as an indorser. The court there lay down this rule:

1. It is settled by the law of this state, that where a person, not a party, writes his name in blank on the back of a promissory note at the time of its execution and delivery, the *prima facie* presumption is, that he is a maker of the note, and, he may, accordingly, be treated as a surety.

2. This ordianry presumption may, however, be rebutted by parol evidence of a different intention and agreement of the parties; to which, when proved, a controlling effect will be given.

3. Where the design of such indorsement, in blank, is to give the payee additional security for the payment of the note, parol evidence tending to limit the liability of such indorser, will be construed, if possible, so as not to defeat the general intention.

4. Therefore, where A, as a security, on behalf of the maker, to the payees of the note, at the time of its execution, writes his name on the back thereof, having previously refused to become a joint maker, and having stated that he would assume only the obligations of an indorser, he will be regarded at least, as a conditional guarantor; and his liability to the holder of the note, like that of an indorser to an indorsee, will be fixed by demand and notice.

It will be observed, in passing, that the court is here speaking of the transaction occurring between the indorser of the note and the maker or the guarantor and the payee of the note, not of what occurred by way of conversation or understanding or otherwise between the principal of the note and the indorser or guarantor, but between the parties to the transaction itself, and the court render a very elaborate opinion in the case, and reach the conclusion expressed in the syllabus.

There may be cited in the same connection, without stopping to read the cases, *Osborn* v. *Low*, 40 Ohio St., 347; *Greenough* v. *Smead*, 3 Ohio St., 416; *Bailey* v. *Stoneman*, 41 Ohio St., 148; *Castle* v. *Rickly*, 44 Ohio St., 490.

The case of *Seymour* v. *Mickey*, reported in 10 and 15 Ohio St., already referred to, shows that in those cases there was a clear and positive agreement between the payee and the maker of the note by which the transferee was bound that by this agreement, although in parol, the liability of the indorser was strictly limited. In that case the consideration of the note was the extension of time allowed upon rent then past due, an extension of six months, a perfectly good consideration, as I have shown by the authority, and one which abundantly supported the giving of the note as far as the principal liability was concerned.

In that case of Seymour & Co., reported in 10 and 15 Ohio St., it appears there was a positive and express stipulation between Mickey, the indorser, and Mitchell, Harshbarger & Co., the payee of the note and the vendors of the goods, that Mickey should be liable only as an indorser and not otherwise, and that this agreement betwen the parties to the note, Mitchell, Harshbarger & Co., the payees, and Mickey, was as effective and binding as if it had been entered in writing upon the back of the instrument itself.

It does not appear there was any such agreement here to which the plaintiff was a party, or of which he had notice. As before stated, it is claimed that an understanding was had between Lee and the defendant, as to what should be the nature of the liability of the latter, but this cannot charge nor affect the plaintiff. It is said in the testimony of Lee that the plaintiff insisted on having the indorsement of the defendant; but this does not necessarily, nor does it fairly imply that the defendant should assume the strict liabiltiy of an indorser, and an indorser only, as was the contract in the Mickey case. It does not appear from the testimony given in behalf of the defendant that there was any special agreement with the plaintiff as to what should be the nature of the liability assumed by the defendant by his indorsement, or that they expressly stipulated as to the nature and extent of his liability. On the contrary, it appears that as the note was executed and indorsed here, the indorser would be regarded as a maker or a guarantor, in either of which positions he would not be entitled to demand and notice.

The conclusions above stated proceed upon our understanding of the facts supported by the testimony introduced in behalf of the defense. It should be added, however, that the plaintiff testified with the utmost directness and positiveness that the indorsement or guaranty appearing on the back of the note above the signature of the defendant, was written at the time the note was made, and the name of the defendant written on the back with express consent of the defendant, and was a part of the transaction. It is claimed, also, that certain matters testified to by another witness tend to corroborate the evidence given by the plaintiff concerning the principal transaction. In this conflict of the testimony, passed upon by the court, we would hardly expect to suppose that the finding of the court below was so clearly against the weight of the evidence as to justify us in interfering with it.

The suggestion is made in the case that the defendant was a surety, and as such was entitled to be proteced under section 5419. It does not appear in the record that any formal suggestion of surety was made to the court, nor does it appear that the court was requested to enter upon the record any suggestion in that regard. It does not appear, as I stated at the outset, that the principal, Lee—and undoubtedly he was the principal, for it was his debt, and not the debt of Mr. Colver—had removed from the state in 1887. The action was brought in 1893. It was, of course,

out of the question, therefore, if he had desired to do so, for the plaintiff to join as defendant in the action the principal maker of the note, Mr. Lee. The plaintiff did what under the circumstances he could do. He proceeded against the only party within the jurisdiction of the court, that was the party whose name appears on the back of the note, and this court is upheld by authorities beyond any doubt that a creditor has not to go out of the state to pursue any of the parties to an obligation.

Section 5419 of the Revised Statutes provides:

"When judgment is rendered within a court of record within this state, upon an instrument of writing in which two or more persons are jointly or severally bound, and it is made to appear to the court, by parol or other testimony, that one or more of the persons so bound signed the same as surety or bail for his or their co-defendant, the clerk of such court, in recording the judgment thereon, shall certify which of the defendants is the principal debtor, and which surety or bail; the clerk shall issue execution on such judgment, commanding the officers to cause money to be made out of the goods and chattels, lands and tenements, of the principal debtor, or, for want of sufficient property of the principal debtor to make the same, that he cause the same to be made of the goods and chattels, lands and tenements of the surety or bail; and the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution."

If there is liability on the part of an indorser of a note, as a matter of course he may be pursued. If the principal debtor had left the state, or could not be reached by the process of the court, that would not interfere with the right of a creditor to proceed against the surety.

These remarks cover, substantially, the material points as presented in this case. We have gone through this record from the beginning to the end, and are unable to find any point upon which we might feel ourselves justified in interfering with the action of the court below, and for this reason the judgment of the court of common pleas will be affirmed; but there will be no penalty allowed in the case.

Plaintiff in error excepts.